**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,**<br>**Plaintiff,**<br><br>**v.**<br><br>**TOWN OF SOUTHWICK, MASSACHUSETTS; MICHAEL DOHERTY, MARCUS PHELPS, DAVID SUTTON, DAVID SPINA, RICHARD UTZINGER, and JESSICA THORNTON, in their capacity as Members of the Planning Board of the Town of Southwick, Massachusetts**<br>**Defendants.** | **C.A. NO. 3:21-CV-10414-KAR** |

**JOINT STATUS REPORT**

Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Plaintiff" or "Verizon") and Defendants hereby update the Court as follows:

1. On March 10, 2021, Verizon filed this lawsuit against Defendants for declaratory relief and mandamus under Section 332 of the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 332, after the Southwick Planning Board ("Board") denied its application for a special permit and site plan approval to authorize the construction and operation of a wireless communications facility ("Proposed Facility") in Southwick, Massachusetts on a parcel of land owned by the Town ("Application"). Count I of Verizon's Complaint asserts that the Defendant Board violated the TCA because its decision denying the Application ("Decision") is not

supported by substantial evidence in the written record. Count II of Verizon's Complaint asserts that Defendants violated the TCA by prohibiting wireless services.

2. On June 17, 2023, Verizon filed a Motion for Summary Judgment with respect to Count I of its Complaint. On July 17, 2023, Defendants filed their Opposition and their Cross-Motion for Summary Judgment with respect to Count I. The Court held oral argument on these motions on August 31, 2023.

3. On February 5, 2024, the Court issued its Order and Decision denying Verizon's Motion for Summary Judgment on Count I of the Complaint and granting Defendants' Cross-Motion for Summary Judgment on Count I of the Complaint. The Court proceeded to schedule a trial on Count II, which asserts an effective prohibition claim under the TCA, for April 22, 2024.

4. Defendant Board filed its Decision denying Verizon's application for a special permit and site plan approval for the Proposed Facility with the Town Clerk on February 10, 2021.

5. At its Annual Town Meeting on May 17, 2022, the Town voted to amend Section 185-23.1 of the Zoning Bylaw by replacing the existing Section 185-23.1 with a new Section 185-23.1 and by deleting the Wireless Communications Service District Overlay Map.

6. The remaining claim to be tried in this action is for a violation by Defendants of the TCA by prohibiting wireless services. The Court can consider whether there are other available alternative sites in the Town, even if those sites became potentially available after the Decision as a result of the subsequent amendment of the Zoning Bylaw which no longer limits the location of these facilities to a particular zoning district.

7. On February 29, 2024, the Court stayed the litigation and continued the trial so that the parties could identify and consider potential alternative locations for a wireless facility that were not available prior to the issuance of the Decision.

8. On June 14, 2024, the parties filed a Joint Status Report and requested the Court to stay of the litigation for an additional six months given the amount of time it would take to identify potential alternative sites, evaluate a feasible alternative site, and proceed with regulatory reviews and permitting for an alternative site. The Court granted this request, staying the litigation for additional six months until January 2025. An updated Joint Status Report was filed in April 2025 and the Court has extended the stay of the litigation until December 29, 2025.

9. Verizon has undertaken substantial, time-consuming efforts to research and identify potentially viable alternative sites. In the spring of 2024, it identified one potentially feasible parcel ("Alternative A"). Verizon reached out to the owner of this property to discuss entering into a lease for a wireless facility on the property. The owner showed significant interest and Verizon met with the Defendants to see whether the Town would be amenable to Verizon pursuing Alternative A. The Defendants, after evaluation, relayed to Verizon that they would be initially amenable to Verizon pursuing this alternative site. Verizon then entered into further discussions with the Landlord about finalizing a commercially reasonable lease deal. At the same time, it worked to determine the specific location of the facility on the Alternative A property that would meet the network's technical needs, and at what height, taking into account the standards of the Town's bylaw and current technology and network factors.

10. In January 2025, Verizon provided a proposed lease to the Alternative A Landlord for review. Verizon also prepared design plans and specifications for the facility and provided them to the Landlord for review and comment. After significant follow up with the Landlord's

broker throughout the Spring of 2025, the Alternative A Landlord stopped responding to Verizon. The Alternative A Landlord's broker eventually confirmed that the Alternative A Landlord had "decided to pass" on the idea of having a wireless facility on its property.

11. Verizon then began searching for another potential location and identified a potentially suitable parcel in May 2025 ("Alternative B"). The Alternative B Parcel abuts the Alternative A parcel. Verizon immediately reached out to the Alternative B Landlord, who indicated that they were interested in pursuing a lease for a wireless facility on their property. Verizon conducted an initial evaluation of this parcel and prepared a lease for the Landlord's review. After negotiations, the lease was finalized and was fully executed by the parties on June 18, 2026.

12. On July 8, 2026, Verizon counsel presented the location and a site plan for Alternative B to Town counsel for review. Town counsel informed Verizon that the Planning Board was meeting in Executive Session on September 8, 2026 to review the Alternative B site to determine whether this site would be amenable to the Town.

13. Following the Executive Session, on September 9, 2026, Town Counsel, Jay Talerman, informed Verizon's counsel that the Town was not amenable to the Alternative B site. Attorney Talerman informed Verizon counsel that if a "better location" than Alternative B was proposed, the Town would be amenable to a remand to the Board to consider that location. The Town, however, has not identified any specific locations for Verizon to pursue.

14. The Court held a status conference on September 17, 2026. At that status conference, the Court indicated that given the age of the case, the Court needed to remove the stay and have the case proceed to trial, dismiss the case, or have the case administratively closed for docket management purposes without prejudice to any party to allow the parties additional

time to consider next steps, and with Verizon having the ability to later re-open the case if it chooses to do so.

15. Given the Town's position that it is not amenable to the Alternative B site, Verizon needs additional time to determine whether there are any other potential alternative sites that can be considered or whether it needs to proceed with the original site which is the subject of this litigation.

16. In a final attempt to locate an alternative site acceptable to the Town or other consensual resolution to this matter, and if the Court will not continue the litigation stay for an additional six months given the age of the case, Verizon requests the Court to administratively close the case, without prejudice to any party, for six months while Verizon investigates whether there are any other potential alternative sites that it can present to the Town or other means of resolving this matter with the Town. Upon the termination of this six-month period, Verizon will advise the Court as to whether it intends to re-open the case to conduct additional discovery and as necessary make additional expert disclosures and then proceed to trial, remand the matter to the Board for the Board to consider an alternative site or other means of resolving the matter, or dismiss the case.

17. The Town Defendants are agreeable to administratively closing the case, without prejudice, as set forth in the preceding paragraph.

**PLAINTIFF,**
**CELLCO PARTNERSHIP d/b/a**
**VERIZON WIRELESS,**
By their attorneys,

/s/ *Danielle Andrews Long*
Michael S. Giaimo (BBO #552545)
mgiaimo@rc.com
Danielle Andrews Long (BBO #646981)
dlong@rc.com
Robinson & Cole LLP
53 State Street, 32nd Floor
Boston, MA 02109
(617) 557-5900

**DEFENDANTS,**
**TOWN OF SOUTHWICK, MASSACHUSETTS; MICHAEL DOHERTY, MARCUS PHELPS, DAVID SUTTON, DAVID SPINA, RICHARD UTZINGER, and JESSICA THORNTON, in their capacity as Members of the Planning Board of the Town of Southwick, Massachusetts,**

/s/ *Mark A. Tanner*
Mark A. Tanner (BBO # 649532)
BACON WILSON, P.C.
57 Center Street
Northampton, MA 01060
Ph: (413) 584-1287
Fax: (413) 584-0453
mtanner@baconwilson.com

Dated: October 15, 2026

**CERTIFICATE OF SERVICE**

I, Danielle Andrews Long, certify that a copy of the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those, if any, indicated as non-registered participants on this 15th day of October, 2026.

/s/ Danielle Andrews Long
Danielle Andrews Long